**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>WAYFAIR INC.,<br><br>          Defendant. | **CIVIL ACTION NO. 1:26-cv-11420**<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT WAYFAIR, INC.'S**
**ANSWER TO CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8, Defendant Wayfair Inc. ("Wayfair") submits its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff Chet Michael Wilson ("Plaintiff"). Wayfair answers as the named defendant but preserves its position that it is not a proper party to this action because the business alleged in the Complaint is operated by Wayfair LLC, not Wayfair Inc. To the extent not specifically admitted below, Wayfair (i) denies the allegations in the Complaint; (ii) denies any liability to Plaintiff; and (iii) denies that Plaintiff is entitled to any relief. All allegations contained in headings or otherwise outside of numbered paragraphs are also denied to the extent a response is necessary. Wayfair responds to the specifically numbered factual allegations of the Complaint as follows:

**NATURE OF THE ACTION**

1.      Chet Michael Wilson ("Plaintiff") brings this class action against Wayfair Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** No response is required to the allegations in this Paragraph, which purports to characterize the claims in the Complaint. To the extent a further response is required, Wayfair denies that it bears any liability for the claims alleged.

2.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § [sic] 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**ANSWER:** Wayfair denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

**ANSWER:** Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Wayfair admits only that this Court has subject matter jurisdiction over Plaintiff's claims and denies the remaining allegations in Paragraph 3.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this District and the telephone contacts at issue were sent into this District.

**ANSWER:** Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Wayfair states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph that Plaintiff resides in this District or that the alleged contacts at issue were sent into this District, and therefore denies same.

## PARTIES

5.      Plaintiff is a natural person.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6.      Defendant is a corporation in this District.

**ANSWER:** Wayfair admits only that Wayfair Inc. is a Delaware corporation with its principal place of business in Massachusetts. Wayfair denies that Wayfair Inc. is the proper party to this action and therefore denies the remaining allegations in Paragraph 6.

## BACKGROUND

7.        "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

**ANSWER:** Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Wayfair states that the text and content of the materials cited in that paragraph are self-evident. Wayfair expressly denies that the characterizations of the materials cited are accurate or apply to the claims and defenses in this matter. Wayfair denies the remaining allegations in Paragraph 7.

8.        "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. Id. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Wayfair states that the text and content of the materials cited in that paragraph are self-evident. Wayfair expressly denies that the characterizations of the materials cited are accurate or apply to the claims and defenses in this matter. Wayfair denies the remaining allegations in Paragraph 8.

**PLAINTIFF'S ALLEGATIONS**

9.      Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies same.

10.     Plaintiff uses, and at all times for at least five years, used telephone number (541) XXX-9999 as his personal residential telephone number.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11.     Plaintiff does not use, and at no time has he used this number for business or commercial purposes.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12.     Plaintiff uses this number for personal and household purposes.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies same.

13.     Plaintiff does not have a landline telephone number in his home.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies same.

14.     Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore denies same.

15.     Plaintiff uses his cellular phone number primarily to communicate with friends and family, to schedule personal appointments, and for other household purposes.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies same.

16.    Plaintiff is not reimbursed by a business for his cell phone plan.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 16 and therefore denies same.

17.    Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 17 and therefore denies same.

18.    Despite this, Defendant delivered, or caused to be delivered, multiple calls and a text message to telephone number (541) XXX-9999.

**ANSWER:** Wayfair denies the allegations in Paragraph 18.

19.    On or about December 16, 2025, Defendant placed a telephone call to Plaintiff's telephone number (541) XXX-9999 from telephone number (857) 306-1988, which resulted in a voicemail message.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 19 and therefore denies same.

20.    During that voicemail, the caller identified himself as associated with "Wayfair Professional" and stated that he was Plaintiff's "account manager," and offered to "quote" upcoming projects, provide "discounts," and assist with "sourcing" products.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 20 and therefore denies same.

21.    On or about January 16, 2026, Defendant placed another telephone call to Plaintiff's telephone number (541) XXX-9999 from telephone number (857) 306-1988, which resulted in a second voicemail message.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 21 and therefore denies same.

22.    During that voicemail, the caller again identified an affiliation with "Wayfair Professional" and invited Plaintiff to discuss "upcoming projects" so that Defendant could "help," including by providing quotes and sourcing services.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 22 and therefore denies same.

23.    The voicemails encouraged Plaintiff to return the call to (857) 306-1988 to further discuss Defendant's goods and services.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 23 and therefore denies same.

24.    The subject calls and voicemails were not informational or transactional in nature, but instead were made for the purpose of promoting Defendant's products and services and inducing Plaintiff to purchase goods and/or services from Defendant.

**ANSWER:** Wayfair denies the allegations in Paragraph 24.

25.    The references to "account manager," "projects," "quotes," "discounts," and "sourcing" constitute marketing and promotional language intended to solicit business and generate sales for Defendant.

**ANSWER:** Wayfair denies the allegations in Paragraph 25.

26.    The use of repeated outreach from the same telephone number (857) 306-1988 demonstrates a coordinated telemarketing campaign undertaken by Defendant.

**ANSWER:** Wayfair denies the allegations in Paragraph 26.

27.    The content of the voicemails makes clear that the calls were telephone solicitations, as they encouraged the purchase of Defendant's goods and services and invited further contact for commercial purposes.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 27 and therefore denies same.

28.    Defendant delivered, or caused to be delivered, the subject contacts to telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered the telephone number with the DNC registry.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 28 and therefore denies same.

29.    The subject telephone contacts were intended for someone other than, and unknown to, Plaintiff.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 29 and therefore denies same.

30.    The purpose of the subject telephone contacts was to advertise and market Defendant's business or services.

**ANSWER:** Wayfair denies the allegations in Paragraph 30.

31.    Plaintiff did not give Defendant prior express consent or permission to deliver or cause to be delivered, advertisement or marketing telephone contacts to telephone number (541) XXX-9999.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 31 and therefore denies same.

32.    Plaintiff did not request information or promotional materials from Defendant.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 32 and therefore denies same.

33.    Plaintiff suffered actual harm as a result of the subject telephone contacts in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**ANSWER:** Wayfair denies the allegations in Paragraph 33.

34.    Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-9999 was registered with the DNC registry.

**ANSWER:** Wayfair denies the allegations in Paragraph 34.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or telephone contacts within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

**ANSWER:** No response is required to the allegations in this Paragraph, which purport to characterize the claims and allegations in the Complaint, which speak for themselves. To the extent a response is required, Wayfair admits only that Plaintiff purports to bring this action as a representative of a putative class. Wayfair denies that any action or class is authorized by Federal Rule of Civil Procedure 23.

36.     Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER:** No response is required to the allegations in this Paragraph, which purport to characterize the claims and allegations in the Complaint, which speak for themselves. To the extent a response is required, Wayfair admits only that Plaintiff purports to exclude certain individuals from the putative class. Wayfair denies that any action or class is authorized by Federal Rule of Civil Procedure 23.

37.     Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

**ANSWER:** Wayfair denies the allegations in Paragraph 37.

38.     The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore denies same.

39.     The Class is ascertainable because it is defined by reference to objective criteria.

**ANSWER:** Wayfair denies the allegations in Paragraph 39.

40.     In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies same.

41.    Plaintiff's claims are typical of the claims of the members of the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 41.

42.    As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation telephone contacts to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

**ANSWER:** Wayfair denies the allegations in Paragraph 42.

43.    Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER:** Wayfair denies the allegations in Paragraph 43.

44.    Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 44.

45.    Plaintiff suffered the same injuries as the members of the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 45.

46.    Plaintiff will fairly and adequately protect the interests of the members of the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 46.

47.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore denies same.

48.    Plaintiff will vigorously pursue the claims of the members of the Class.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore denies same.

49.    Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and therefore denies same.

50.    Plaintiff's counsel will vigorously pursue this matter.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and therefore denies same.

51.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

**ANSWER:** Wayfair lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and therefore denies same.

52.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 52.

53.     Issues of law and fact common to all members of the Class are:

    a.  Defendant's violations of the TCPA;
    b.  Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing telephone contacts.
    c.  Defendant's practice of delivering, or causing to be delivered, telephone contacts for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days; and
    d.  The availability of statutory penalties.

**ANSWER:** Wayfair denies the allegations in Paragraph 53.

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER:** Wayfair denies the allegations in Paragraph 54.

55.     If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

**ANSWER:** Wayfair denies the allegations in Paragraph 55.

56.     The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

**ANSWER:** Wayfair denies the allegations in Paragraph 56.

57.     The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER:** Wayfair denies the allegations in Paragraph 57.

58.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

**ANSWER:** Wayfair denies the allegations in Paragraph 58.

59.     The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

**ANSWER:** Wayfair denies the allegations in Paragraph 59.

60.     The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER:** Wayfair denies the allegations in Paragraph 60.

61.     There will be little difficulty in the management of this action as a class action.

**ANSWER:** Wayfair denies the allegations in Paragraph 61.

62.     Defendant has acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**ANSWER:** Wayfair denies the allegations in Paragraph 62.

## COUNT 1
### Violation of 47 U.S.C. §  227(c)(5)

63.     Plaintiff repeats and re-alleges each and every factual allegation contained in [sic] herein.

**ANSWER:** In response to Paragraph 63, Wayfair incorporates and restates its responses to

Paragraphs 1 through 62, as if set forth herein.

64.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:** In response to Paragraph 64, Wayfair states that the text of 47 C.F.R. § 64.1200

is self-evident. To the extent any portion of the statute is being mischaracterized or misapplied to

Wayfair's conduct, Wayfair denies any such allegations.

65.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER:** In response to Paragraph 65, Wayfair states that the text of 47 C.F.R. § 64.1200 is self-evident. To the extent any portion of the statute is being mischaracterized or misapplied to Wayfair's conduct, Wayfair denies any such allegations.

66.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER:** In response to Paragraph 66, Wayfair states that the text of 47 U.S.C. § 227(c) is self-evident. To the extent any portion of the statute is being mischaracterized or misapplied to Wayfair's conduct, Wayfair denies any such allegations.

67.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:** Wayfair denies the allegations in Paragraph 67.

68.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

**ANSWER:** Wayfair denies the allegations in Paragraph 68.

69.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**ANSWER:** Wayfair denies the allegations in Paragraph 69.

**ANSWER TO PRAYER FOR RELIEF**

Wayfair denies that Plaintiff is entitled to any relief in this matter. Accordingly, Wayfair asks that each of Plaintiff's claims be dismissed with prejudice and that the Court decline to grant Plaintiff any relief requested in its Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Further responding to the Complaint, Wayfair asserts the following as affirmative defenses. By pleading these defenses, Wayfair does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that it is liable for any claim against it.

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against Wayfair and must, therefore, be dismissed.

2.    Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff has named the wrong defendant. Wayfair Inc. does not operate the business alleged in the Complaint and did not place, initiate, or cause to be placed the alleged calls or messages at issue. To the extent any alleged calls or messages occurred, they were not made by Wayfair, and Wayfair denies that it is liable for the conduct alleged in the Complaint.

3.    Plaintiff's and/or putative class members' claims are barred in whole or in part because a text messages is not a "telephone call" under 47 U.S.C. § 227(c)(5) and therefore does not give rise to a cause of action under 47 U.S.C. § 227(c)(5).

4.    Plaintiff's and/or putative class members' claims are barred in whole or in part by the applicable statutes of limitations.

5.    Plaintiff's and/or putative class members' claims are barred by the doctrine of unclean hands.

6.    Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the applicable doctrine of laches.

7. Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiff and/or putative class members are estopped from claiming any damages, or have otherwise waived any such claims or damages, to the extent Plaintiff and/or putative class members have attempted to induce Wayfair to violate the TCPA by specifically requesting that Wayfair contact Plaintiff and/or putative class members, and therefore assisted, directed, ordered, approved and/or ratified Wayfair's conduct by specifically requesting that Wayfair contact Plaintiff and/or putative class members and Wayfair relied on Plaintiff's and/or putative class members' actions to its detriment.

9. Plaintiff and/or putative class members lack standing to bring these claims because Plaintiff has not suffered any injury-in-fact that was concrete and particularized, and actual or imminent.

10. Plaintiff's and/or putative class members' claims are barred because they gave prior express consent for their cellular telephones to be called by the calling party.

11. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because at all times Plaintiff and/or putative class members provided, invited or gave express or implied consent, invitation, or permission to Wayfair's conduct as described in the Complaint. The Complaint and each cause of action contained therein are barred as a matter of law.

12. Plaintiff's and/or putative class members' claims are barred because of the existence of an established business relationship with the calling party.

13. To the extent any violation of the TCPA was committed by any agents or employees, such conduct was unauthorized, outside the ambit of their duties, and in violation of established company policies, precluding vicarious liability.

14.     No act or omission of Wayfair was a substantial factor in bringing about the damages alleged, nor was any act or omission of Wayfair a contributing cause thereof. Any alleged acts or omissions of Wayfair were superseded by the acts or omissions of others, including Plaintiff and/or the putative class members, or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff and/or putative class members. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff's and/or putative class members' injuries, if any, were caused and/or contributed to, in whole or in part, by the actions of parties other than Wayfair or for whom Wayfair has no control and/or who may have called Plaintiff and/or putative class members identifying Wayfair's services, goods or products without Wayfair's consent or knowledge. Rights and causes of action arising under the TCPA are not assignable. Any proposed or putative assignment of such rights and causes of action to Plaintiff and/or putative class members are therefore invalid, and Plaintiff and/or putative class members lack standing to sue or recover thereon.

15.     To the extent the TCPA is applied against Wayfair in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Eighth Amendment to the United States Constitution.

16.     Plaintiff's and/or putative class members' claims are barred to the extent they are subject to any agreement prohibiting such claims, including agreements containing a class action waiver or otherwise requiring arbitration of the claims.

17.     Plaintiff and/or putative class members cannot carry their burden of showing that

any action of Wayfair was willful or knowing. Moreover, Plaintiff and/or putative class members are not entitled to treble damages because Wayfair did not act willfully or knowingly.

18. The Complaint, and each claim asserted therein, is barred, in whole or in part, because Plaintiff and/or putative class members are not within the "zone of interests" of persons and entities that the TCPA was created to affect.

19. The Complaint, and each claim asserted therein, is barred, in whole or in part, because the calls from Wayfair do not constitute telephone solicitations or telemarketing calls under the TCPA.

20. Wayfair has established and implemented, with due care, reasonable practices, training, and procedures to effectively prevent telephone solicitations and/or calls in violation of the TCPA and/or in violation of the regulations prescribed under the TCPA.

21. Plaintiff's and/or putative class members' claims against Wayfair are barred, in whole or in part, by the TCPA's "safe harbor provision," as provided for by 47 C.F.R. § 64.1200(c)(2).

22. Plaintiff's and/or putative class members' claims are barred because any alleged acts or omissions giving rise to the alleged claims were the result of an innocent mistake by the calling party and/or bona fide error notwithstanding the establishment and implementation of reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. All actions by the calling party were taken at all times in a reasonable manner in connection with the events at issue in this case and no knowing or willful violations of the TCPA occurred with respect to Plaintiff or the proposed class.

23. Plaintiff's and/or putative class members' claims are barred to the extent that Plaintiff and/or putative class members were not charged for the call(s) at issue pursuant to 47

U.S.C. § 227(b)(1)(A)(iii).

24.     Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, the identities of the putative class members are not determinable, there are no common questions of law and fact, such questions do not predominate over individual issues, Plaintiff's claims are not in any way typical of the class he seeks to represent, and the individualized issues raised by Plaintiff's claims cannot be adjudicated on a class-wide basis. Further, Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

25.     Plaintiff's and/or putative class members' claims are barred to the extent that they did not personally register their residential or cellular telephone number on the National Do Not Call Registry.

26.     Plaintiff and/or putative class members are barred from asserting their claims in whole or in part by the failure to mitigate damages.

27.     Wayfair reserves the right to assert additional defenses and affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Wayfair respectfully requests that this Court enter an Order granting judgment in its favor, dismissing Plaintiff's Class Action Complaint with prejudice, awarding Wayfair its attorneys' fees and costs, and for any other relief this Court deems just and fair.

### DEMAND FOR JURY TRIAL

Wayfair demands the right to a jury trial on all issues so triable.

Dated: May 15, 2026                    Respectfully submitted,


                                       /s/ Nolan Mitchell
                                       Nolan Mitchell (BBO No. 668145)
                                       Nolan.Mitchell@quarles.com

                                       QUARLES & BRADY LLP
                                       2020 K Street NW
                                       Suite 400
                                       Washington, DC  20006
                                       Telephone:   (202) 780-2644
                                       Facsimile:   (202) 372-9572

                                       Zachary Foster (admitted *pro hac vice*)
                                       Zachary.Foster@quarles.com

                                       QUARLES & BRADY LLP
                                       101 E. Kennedy Boulevard
                                       Suite 3400
                                       Tampa, FL 33602
                                       Telephone:   (813) 387-0300
                                       Facsimile:   (813) 387-1800