## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CHET MICHAEL WILSON, individually and : 
on behalf of all others similarly situated, :     CIVIL ACTION FILE NO. 26-cv-11420
: 
    Plaintiff, : 
: 
v. : 
: 
WAYFAIR INC. : 
: 
    Defendant. : 
: 

_____/

## JOINT STATEMENT

Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant Wayfair Inc. (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

### I.    FED. R. CIV. P. 26(F) REPORT

#### A.  Nature and Basis of Claims

Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), and its implementing regulations, which prohibit initiating telephone solicitations to residential telephone subscribers whose numbers are listed on the National Do Not Call Registry. Plaintiff alleges that Defendant Wayfair Inc. delivered, or caused to be delivered, multiple unsolicited telemarketing telephone calls and voicemails to Plaintiff's residential cellular telephone number in or around December 2025 and January 2026, despite that number being listed on the National Do Not Call Registry for more than thirty-one days prior to the calls at issue, and without Plaintiff's prior express invitation, permission, or consent. Plaintiff further alleges that the calls promoted Defendant's goods and services through "Wayfair Professional," including offers

relating to projects, quotes, discounts, and sourcing services, and constituted telephone solicitations under the TCPA.

Defendant denies Plaintiff's allegations and raises numerous affirmative defenses to Plaintiff's individual and putative class claims. Defendant also denies that it is the appropriate defendant in this action. Defendant denies that class certification in appropriate for the putative class alleged in this case and denies that Plaintiff can serve as an adequate class representative in any class. Defendant reserves the right to assert additional defenses in the event discovery indicates that they may be appropriate.

### B. Possibilities of Settling or Resolving the Case

*Plaintiff's Position*

Plaintiff is open to mediating a resolution to this matter on a class-wide basis. Plaintiff believes that mediation, at the appropriate time, which is after discovery into the size of the putative class is conducted, makes sense.

*Defendant's Position*

Defendant disputes that a class capable of certification for settlement purposes exists. Nevertheless, Defendant is open to mediating this case after the parties have substantially completed discovery.

### C. Proposed Discovery Plan

#### 1. Initial Disclosures (Rule 26(a))

Plaintiff proposes that the Parties exchange initial disclosures on June 11, 2026.

#### 2. Scope, Timing, and Phasing of Discovery

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be necessary on both the merits of his TCPA claims and the requirements of Federal Rule of Civil Procedure 23 in order to support a motion for class certification and prepare for trial or dispositive motions. Plaintiff expects to seek discovery from Defendant and third parties regarding call records, voicemail records, identification of class members, the content and transmission of the telephone solicitations at issue, Defendant's telemarketing practices, TCPA compliance policies and procedures, the existence and scope of any consent, Defendant's knowledge, negligence, or willfulness, document retention policies, and communications relating to telemarketing campaigns conducted through or on behalf of "Wayfair Professional."

*Defendant's Position*

Defendant anticipates taking discovery regarding Plaintiff's individual claims, his ownership and use of the telephone number at which he purported received calls, Plaintiff's standing to assert his claims, the adequacy of Plaintiff to serve as class representative, the typicality of Plaintiff's claims relative to the putative class, and issues relating to consent and compliance with the Telephone Consumer Protection Act.

### 3. Electronically Stored Information (ESI)

The Parties will strive to produce electronic documents in the form of multi-page, color, bates-numbered PDF images together with load files if reasonably available, or in native format. If possible, metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images. If there are any issues with the production of ESI, the Parties will meet and confer and attempt to resolve them informally without need for Court intervention.

### 4. Privilege, Work Product, and Rule 502 Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

### 5. Discovery Limits and Modifications

The Parties do not anticipate any need for changes in the limitations on discovery. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

### 6. Additional Case Management or Protective Orders

The Parties will jointly submit a protective order governing the exchange of confidential information. The Parties do not anticipate the need for other orders at this time.

## II.  Consent to Magistrate Judge

The Parties do not consent to the magistrate judge.

## III.  Proposed Pretrial Schedule

| | |
|---|---|
| Initial Disclosures | June 11, 2026 |
| Amend the Pleadings | August 6, 2026 |
| Expert Disclosures | Plaintiff: November 24, 2026<br><br>Defendant: December 28, 2026 |
| Class Certification | December 8, 2026 |
| Completion of Fact Discovery | December 8, 2026 |

| Completion of Expert Discovery | January 29, 2027 |
|---|---|
| Dispositive Motions include *Daubert* Motions | March 5, 2027 |
| Settlement Conference | May 2027; to be determined by court |
| Trial | October 2027; to be determined by the Court. |

## IV.    Rule 16(b) Conference

The parties request that the Court adopt this join statement and cancel the Rule 16 scheduling conference scheduled for June 16, 2026.

## V.    Certification Pursuant to Local Rule 16.1(d)(3).

The undersigned counsel and their respective client representative below certify and affirm that they have each conferred (A) with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and (B) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outline in Local Rule 16.4.

Respectfully submitted,                    Date: June 1, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

*/s/ Nolan Mitchell*
Nolan Mitchell (BBO No. 668145)
Nolan.Mitchell@quarles.com

QUARLES & BRADY LLP
2020 K Street NW
Suite 400
Washington, DC  20006
Telephone:    (202) 780-2644
Facsimile:    (202) 372-9572

Zachary Foster (admitted *pro hac vice*)
Zachary.Foster@quarles.com

QUARLES & BRADY LLP
101 E. Kennedy Boulevard
Suite 3400
Tampa, FL 33602
Telephone:    (813) 387-0300
Facsimile:    (813) 387-1800

*Attorneys for Defendant*